**GREENBERG TRAURIG, LLP**
Jordan D. Grotzinger (SBN190166)
*grotzingerj@gtlaw.com*
Benjamin S. Kurtz (SBN280515)
*kurtzb@gtlaw.com*
1840 Century Park East, Suite 1900
Los Angeles, CA  90067-2121
Tel:  310-586-7700
Fax:  310-586-7800

David G. Thomas
James P. Ponsetto
*Pro Hac Vice* Applications Forthcoming
*thomasda@gtlaw.com*
*ponsettoj@gtlaw.com*
1 International Place, 20th Fl.
Boston, MA 02110
Tel:  617-310-6000
Fax:  617-310-6001

Attorneys for Plaintiff,
CYBERCODERS, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| CYBERCODERS, INC., a California corporation,<br><br>          Plaintiff,<br><br>vs.<br><br>PNY TECHNOLOGIES, INC., a Delaware corporation,<br><br>          Defendant. | CASE NO.  2:15-cv-9417<br><br>**COMPLAINT FOR:**<br><br>**BREACH OF CONTRACT**<br><br><br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff CyberCoders, Inc. ("<u>Plaintiff</u>" or "<u>CyberCoders</u>") alleges as follows against defendant PNY Technologies, Inc. ("<u>Defendant</u>" or "<u>PNY</u>"):

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a) because the parties are citizens of different states, there is complete diversity, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## THE PARTIES

3. Plaintiff CyberCoders, Inc. is a corporation organized and existing under the laws of the state of California, with its principal place of business located in Irvine, California, which is within this judicial district.

4. Defendant PNY Technologies, Inc. is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business located in Parsippany, New Jersey.

## FACTUAL BACKGROUND

**CyberCoders And PNY**

5. CyberCoders is a recruitment and job placement company. It is a leading provider of in-demand, skilled professionals, including but not limited to sales, executive, technical, financial, accounting, engineering, scientific, mortgage, construction and operational professionals across all industries.

6. On information and belief, PNY is a designer, manufacturer, and supplier of certain computer-related products, including memory upgrade modules, flash memory cards, USB flash drives, and portable battery chargers for smartphones and tablets.

7. CyberCoders was retained by PNY to recruit and place professionals for employment with PNY in certain fields.

**The PNY Direct Hire Agreement**

8.  On January 13, 2015, CyberCoders (referred to as "Agency") and PNY entered into the PNY Direct Hire Agreement, a true and correct copy of which is attached hereto as **Exhibit 1** (the "DH Agreement") and which is incorporated by reference herein.

9.  The DH Agreement provides that "PNY will utilize the services of Agency for the purpose of recruiting and placing candidates for positions requested by a representative of PNY's Human Resources Department to Agency." *See* DH Agreement, General Provisions, p. 1.

10. Among other undertakings, PNY represented and agreed in the DH Agreement that "PNY agrees to pay a finders fee for any candidate hired [by PNY] provided that the submittal by Agency preceded that of any other source." *See* DH Agreement, Representation, p. 1 ("Finder's Fee").

11. The DH Agreement provides for a Finder's Fee of "25% of the candidate's annual starting salary for the first 6 placements made." *See* DH Agreement, Fee, p. 1.

12. The DH Agreement further provides that after the sixth placement by CyberCoders, it is entitled to receive "20% of the candidate's annual starting salary." *See* DH Agreement, Fee, p. 1.

13. PNY is entitled to a credit of $20,000.00 with respect to Finder's Fees related to the seventh through the ninth candidates placed by CyberCoders. *See* DH Agreement, Fee, p. 1.

14. Finder's Fees payable to CyberCoders are due "forty five (45) days after the candidates first day of employment." *See* DH Agreement, Payment Terms, p. 2.

15. The DH Agreement was duly executed by authorized representatives of CyberCoders and PNY.

**Candidates Placed By CyberCoders And Hired By PNY; PNY's Failure To Pay Finder's Fees Owing To CyberCoders**

16. Between approximately April and July, 2015, at PNY's direct request, CyberCoders (through its Los Angeles office) placed twelve candidates with PNY in California, each of which was hired by PNY (collectively, "Candidates").

17. PNY has not paid the Finder's Fees due to CyberCoders concerning any of the Candidates.

18. Eleven of the Twelve Candidates were not among the first six candidates placed by CyberCoders, and hired by PNY, so CyberCoders was entitled to a Finder's Fee of 20% for each Candidate.

19. Because none of the Candidates were among the seventh to ninth candidates placed by CyberCoders, and hired by PNY, CyberCoders was not required to provide PNY with a credit concerning the Finder's Fees.

20. CyberCoders' placement of each the Candidates was not preceded by a placement or other referral from any other source.

21. PNY hired RC,[1] one of the Candidates, for which CyberCoders is entitled to a Finder's Fee of $31,200.00.

22. RC's first date of employment with PNY, as reported by PNY ("Start Date"), was April 6, 2015.

23. CyberCoders invoiced PNY on April 7, 2015 with respect to RC's hire (Invoice No. OAI-70007304) ("RC Invoice").

24. PNY has not paid the RC Invoice.

25. PNY hired PS, one of the Candidates, for which CyberCoders is entitled to a Finder's Fee of $44,000.00.

26. PS was the fifth employee placed by CyberCoders with PNY overall, replacing another candidate who was hired by, but did not start for, PNY, so

---

[1] For confidentiality purposes, each of the Candidates is identified only by initials, representing their first and last name.

3
COMPLAINT

CyberCoders was entitled to a Finder's Fee of 25%, compared to a 20% Finder's Fee for the remaining eleven Candidates.

27. PS's Start Date was April 13, 2015.

28. CyberCoders invoiced PNY on April 14, 2015 with respect to PS's hire (Invoice No. OAI-70007461) ("PS Invoice").

29. PNY has not paid the PS Invoice.

30. PNY hired AC1, one of the Candidates, for which CyberCoders was entitled to a Finder's Fee of $35,000.00.

31. AC1's Start Date was April 27, 2015.

32. CyberCoders invoiced PNY on April 28, 2015 with respect to AC1's hire (Invoice No. OAI-70007836) ("AC1 Invoice").

33. PNY has not paid the AC1 Invoice.

34. PNY hired AC2, one of the Candidates, for which CyberCoders was entitled to a Finder's Fee of $34,000.00.

35. AC2's Start Date was May 11, 2015.

36. CyberCoders invoiced PNY on May 12, 2015 with respect to AC2's hire (Invoice No. OAI-70008194) ("AC2 Invoice").

37. PNY has not paid the AC2 Invoice.

38. PNY hired SR, one of the Candidates, for which CyberCoders was entitled to a Finder's Fee of $33,000.00.

39. SR's Start Date was May 11, 2015.

40. CyberCoders invoiced PNY on May 12, 2015 with respect to SR's hire (Invoice No. OAI-70008213) ("SR Invoice").

41. PNY has not paid the SR Invoice.

42. PNY hired SS, one of the Candidates, for which CyberCoders was entitled to a Finder's Fee of $35,200.00.

43. SS's Start Date was May 19, 2015.

44. CyberCoders invoiced PNY on May 20, 2015 with respect to SS's hire (Invoice No. OAI-70008415) ("SS Invoice").

45. PNY has not paid the SS Invoice.

46. PNY hired GG, one of the Candidates, for which CyberCoders was entitled to a Finder's Fee of $ 38,000.00.

47. GG's Start Date was May 26, 2015.

48. CyberCoders invoiced PNY on May 27, 2015 with respect to GG's hire (Invoice No. OAI-70008564) ("GG Invoice").

49. PNY has not paid the GG Invoice.

50. PNY hired QN, one of the Candidates, for which CyberCoders was entitled to a Finder's Fee of $32,000.00.

51. QN's Start Date was June 1, 2015.

52. CyberCoders invoiced PNY on June 2, 2015 with respect to QN's hire (Invoice No. OAI-70008761) ("QN Invoice").

53. PNY has not paid the QN Invoice.

54. PNY hired DM, one of the Candidates, for which CyberCoders was entitled to a Finder's Fee of $29,800.00.

55. DM's Start Date was June 15, 2015.

56. CyberCoders invoiced PNY on June 16, 2015 with respect to DM's hire (Invoice No. OAI-70009136) ("DM Invoice").

57. PNY has not paid the DM Invoice.

58. PNY hired SB, one of the Candidates, for which CyberCoders was entitled to a Finder's Fee of $21,000.00.

59. SB's Start Date was June 22, 2015.

60. CyberCoders invoiced PNY on June 23, 2015 with respect to SB's hire (Invoice No. OAI-70009329) ("SB Invoice").

61. PNY has not paid the SB Invoice.

62. PNY hired AL, one of the Candidates, for which CyberCoders was entitled to a Finder's Fee of $18,000.00.

63. AL's Start Date was June 22, 2015.

64. CyberCoders invoiced PNY on September 11, 2015 with respect to AL's hire (Invoice No. OAI-70011508), discounting the Finder's Fee by $9,000.00 ("<u>AL Invoice</u>").

65. PNY has not paid the AL Invoice.

66. PNY hired HJK, one of the Candidates, for which CyberCoders was entitled to a Finder's Fee of $35,200.00.

67. HJK's Start Date was July 13, 2015.

68. CyberCoders invoiced PNY on July 14, 2015 with respect to HJK's hire (Invoice No. OAI-70009904) ("<u>HJK Invoice</u>").

69. PNY has not paid the HJK Invoice.

70. PNY failed to pay a Finder's Fee concerning each Candidate within the forty-five day period provided for in the DH Agreement.

## CLAIM FOR RELIEF

(Breach of Contract)

71. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 70 of this Complaint as if fully set forth herein.

72. The DH Agreement is an enforceable written contract by and between CyberCoders and PNY.

73. CyberCoders has performed all obligations required of it by the DH Agreement, except as such performance has been prevented, waived, or excused by PNY's acts of misconduct and breach.

74. There are no conditions precedent or independent events that have not yet been satisfied in such a manner as to excuse PNY's contractual duties.

75. PNY has breached the DH Agreement by failing to pay, timely, the specified Finder's Fees owed under the DH Agreement.

76.     As a direct and proximate result of Defendants' breach, Plaintiff has been damaged in an amount to be proven at trial.

## PRAYER FOR RELIEF

CyberCoders prays for judgment against PNY as follows:

a.   for damages in an amount to be proven at trial in excess of $377,400.00;

b.   for interest; and

c.   for such other and further relief as the Court may deem proper.

Dated:  December 4, 2015                          GREENBERG TRAURIG, LLP

By:  */s/  Jordan D. Grotzinger*
Jordan D. Grotzinger
Attorney for Plaintiff
CYBERCODERS, INC.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims.

Dated:  December 4, 2015                          GREENBERG TRAURIG, LLP

By:  */s/  Jordan D. Grotzinger*
Jordan D. Grotzinger
Attorney for Plaintiff
CYBERCODERS, INC

# EXHIBIT 1

ope ID: E7E44199-7B50-42BD-8739-712027C87DE3



## PNY Direct Hire Agreement

This Recruitment Agreement entered on 1/13/2015 into by and between PNY Technologies, Inc., ("PNY") located at 100 Jefferson Road in Parsippany, N.J. and CyberCoders, Inc., located at 6591 Irvine Center Drive, Irvine, CA 92618 sets forth the following terms and stipulations:

**General Provisions:**

PNY will utilize the services of Agency for the purpose of recruiting and placing candidates for positions requested by a representative of PNY's Human Resources Department to Agency.

**Representation:**

PNY agrees to pay a finders fee for any candidate hired provided that the submittal by Agency preceded that of any other source. The form of submittal shall include candidate's name and resume via fax or email and receipt confirmed by PNY. Candidates submitted should have been pre-screened by Agency. Candidates submitted should be aware that their resumes are being forwarded to PNY by Agency.

PNY does not accept or acknowledge unsolicited resumes, and therefore does not constitute submission. Resumes should only be submitted upon direct request of PNY. PNY will not be liable for any fees arising out of the hiring of an unsolicited resume/candidate.

If Agency submits a candidate's resume and that person is already known to PNY by other means, PNY will notify Agency immediately. Furthermore, a resume is only considered submitted if the Agency was contacted by PNY with a request for recruitment assistance.

Resumes will only be considered for the opening that they are being submitted for. Resumes and/or candidates hired for different openings, etc. will not be considered a valid submission and will not be subject to fees and/or dues.

**Fee:**

Agency's direct hire fee schedule is 25% of the candidate's annual starting salary for the first 6 placements made for ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and one more to be determined. Future placements will be 20% of the candidate's annual starting salary. For the 7th, 8th and 9th placements, (at 20% of the candidate's annual starting salary) Cyber Coders will provide a $20,000.00 credit, per candidate, for a total of $60,000.00. These fees are not associated with any bonuses, commissions, benefits or stock that may be part of the candidate's compensation.

DocuSign Envelope 4199-7B50-42BD-8739-712027C87DE3

**Payment Terms:**

Fees will be due forty five (45) days after the candidate's first day of employment.

PNY will NOT consider or pay a fee on any candidate that was either marketed or submitted on jobs not given to Agency to work on. PNY will only pay a fee on a candidate that was submitted on open jobs supplied by PNY and hired by PNY.

The fee is payable, only should PNY engage a candidate for any position within six (6) months of the most recent valid submission of resume for said candidate. If the engagement takes place after the six (6) month period there will be no fee paid.

**Placement Guarantee:**

Agency will guarantee all candidates for 90 days of employment. In the event of a candidate's resignation or termination within those first 90 days, Agency will provide another qualified applicant to PNY at no additional cost. Additionally, PNY will have the sole option to request the fee be issued in the form of a non-expiring credit memo in full within this 90 day period that can be used towards a future placement.

**Confidentiality:**

In the course of the Agency providing recruitment and placement services, it is anticipated that PNY and the Agency will disclose to each other Confidential Information including, but not limited to: positions available, identity and resume of candidates, and names and positions of current PNY staff. The Agency will not use any Confidential Information to benefit the Agency, or any other third party in solicitation or recruitment. PNY will use the information solely to evaluate an applicant and for no other purpose. This clause will survive the Termination of this Agreement

**Termination of Agreement:**

This Recruitment Agreement shall be in effect as of the date noted below. The terms of this agreement may only be modified in writing, with signatures of both parties.

Unless either party so notifies the other, within 30 days written notice, this Agreement shall be automatically extended or renewed each year, on the anniversary date.

| PNY Technologies, Inc.: | Agency: |
|---|---|
| _Mark J Ciano_ Signature | _Rose Cunningham_ Signature |
| MARK J CIANO Name | Rose Cunningham Name |
| VP Finance Title | CFO Title |
| 1/22/15 Date | 1/16/2015 Date |